IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WBIP, LLC, <br><br>   *Plaintiff*, <br><br> v. <br><br> KOHLER CO., <br><br>   *Defendant*. | Civil Action No. 1:11-CV-10374-NMG <br><br> DEMAND FOR JURY TRIAL |

**DEFENDANT KOHLER CO.'S ANSWER, AFFIRMATIVE DEFENSES, & COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Kohler, Co. ("Kohler") answers plaintiff WBIP, LLC's ("Westerbeke") Complaint ("Complaint") as follows, denying Westerbeke's allegations and averments except as specifically admitted herein:

**PARTIES**

1. Kohler is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore DENIES them.

2. Kohler ADMITS that it is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 444 Highland Drive, Kohler, WI 53044. To the extent that paragraph 2 contains any further allegations, Kohler DENIES them.

**JURISDICTION AND VENUE**

3. Kohler ADMITS that the Complaint alleges infringement under the United States Patent Laws. Any and all remaining allegations of paragraph 3 are denied.

4. Kohler ADMITS that this Court has subject matter jurisdiction over patent infringement claims. Any and all remaining allegations of paragraph 4 are denied.

5. This paragraph calls for a legal conclusion which Kohler has no obligation to either admit or deny.

6. This paragraph calls for a legal conclusion which Kohler has no obligation to either admit or deny.

## COUNT I — INFRINGEMENT OF THE '044 PATENT

7. Kohler incorporates by reference its responses as set forth in paragraphs 1 through 6 of its Answer above.

8. Kohler ADMITS that the Complaint purports to assert that defendant infringes U.S. Patent No. 7,314,044 ("the '044 patent"). Kohler also ADMITS that what purports to be a copy of the '044 patent was attached to the Complaint as Exhibit A, and on its face, this Exhibit is entitled "Marine Emissions Control" and recites an issue date of January 1, 2008. Kohler DENIES that the '044 patent was duly and legally issued by the United States Patent and Trademark Office. Kohler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore DENIES them.

9. Kohler is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore DENIES them.

10. Kohler DENIES the allegations of paragraph 10.

11. Kohler DENIES the allegations of paragraph 11.

12. Kohler DENIES the allegations of paragraph 12.

13. Kohler DENIES the allegations of paragraph 13.

14. Kohler is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore DENIES them.

## COUNT II — INFRINGEMENT OF THE '196 PATENT

15. Kohler incorporates by reference its responses as set forth in paragraphs 1 through 14 of its Answer above.

16. Kohler ADMITS that the Complaint purports to assert that defendant infringes U.S. Patent No. 7,832,196 ("the '196 patent"). Kohler also ADMITS that what purports to be a copy of the '196 patent was attached to the Complaint as Exhibit B, and on its face, this Exhibit is entitled "Electronic Emissions Control" and recites an issue date of November 16, 2010. Kohler DENIES that the '196 patent was duly and legally issued by the United States Patent and Trademark Office. Kohler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16, and therefore DENIES them.

17. Kohler is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore DENIES them.

18. Kohler DENIES the allegations of paragraph 18.

19. Kohler DENIES the allegations of paragraph 19.

20. Kohler DENIES the allegations of paragraph 20.

21. Kohler DENIES the allegations of paragraph 21.

22. Kohler is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore DENIES them.

## PRAYER FOR RELIEF

Kohler DENIES that Westerbeke is entitled to any of the requested relief and DENIES any allegations in its prayer for relief.

## AFFIRMATIVE DEFENSES

Kohler alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have.  In addition to the affirmative defenses described below and subject to its responses above, Kohler specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement of the Patents in Suit

Kohler does not infringe and has not infringed (not directly, contributorily, by inducement, or in any other way) literally or under the doctrine of equivalents any claim of the patents in suit.

### SECOND AFFIRMATIVE DEFENSE: Invalidity of the Patents in Suit

The claims of the patents in suit are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE: Laches

Westerbeke's claims of infringement under the patents in suit are barred, in whole or in part, by laches.

### FOURTH AFFIRMATIVE DEFENSE: Equitable Estoppel/Waiver

Westerbeke's claims of infringement under the patents in suit are barred, in whole or in part, by the doctrines of equitable estoppel and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE: Implied License

Westerbeke's claims of infringement under the patents in suit are barred, in whole or in part, by the doctrine of implied license.

**SIXTH AFFIRMATIVE DEFENSE: Prosecution History Estoppel/Acquiescence**

Westerbeke's claims are barred, in whole or in part, pursuant to the doctrines of prosecution estoppel, and/or acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE: Lack of Standing**

Westerbeke lacks standing to sue for alleged infringement of at least one of either the '044 and '196 patents.

**EIGHTH AFFIRMATIVE DEFENSE: Failure to State a Claim**

Westerbeke's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because Westerbeke's Complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**NINTH AFFIRMATIVE DEFENSE: No Injunctive Relief**

Westerbeke is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and no irreparable injury.

## COUNTERCLAIMS

This is a declaratory judgment action seeking a declaration of non–infringement and invalidity of U.S. Patent No. 7,314,044 and U.S. Patent No. 7,832,196 (collectively, the "patents–in–suit").

## PARTIES

1.      Defendant and counterclaim plaintiff Kohler is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 444 Highland Drive, Kohler, WI 53044.

2. On information and belief, plaintiff and counterclaim defendant WBIP, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business at 150 John Hancock Rd., Taunton, MA 02780-7319.

**JURISDICTION AND VENUE**

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

4. If venue is proper over the action filed by plaintiff, then venue over these counterclaims is also proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

5. This Court has personal jurisdiction over Westerbeke because Westerbeke has voluntarily appeared and consented to this venue by filing its Complaint.

**COUNT I: DECLARATION OF NON–INFRINGEMENT**

6. Kohler repeats and incorporates Counterclaim paragraphs 1 through 5 above.

7. Kohler has not directly or indirectly infringed and is not directly or indirectly infringing any claim of the patents-in-suit, either literally or under the doctrine of equivalents.

8. Based on Westerbeke's filing of its Complaint and Kohler's assertion that the patents–in–suit are not infringed, there exists a real and actual case and controversy between the parties regarding whether Kohler infringes the patents–in–suit.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Kohler is entitled to and respectfully requests a declaration by the Court that it does not infringe directly or indirectly any claim of the patents–in–suit, either literally or under the doctrine of equivalents.

## COUNT II: DECLARATION OF INVALIDITY

10. Kohler repeats and incorporates Counterclaim paragraphs 1 through 9 above.

11. The claims of the patents-in-suit are invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability in Part II of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

12. Based on Westerbeke's filing of its Complaint and Kohler's assertion that the patents–in–suit are invalid, there exists a real and actual case and controversy between the parties regarding the validity of the patents–in–suit.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Kohler is entitled to and respectfully requests a declaration by the Court that the claims of the patents–in–suit are invalid.

## EXCEPTIONAL CASE

14. Kohler repeats and incorporates Counterclaim paragraphs 1 through 13 above.

15. This case is exceptional under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Kohler respectfully requests a trial by jury of any issue so triable by right.

WHEREFORE, Kohler prays for judgment as follows:

    a. A judgment in favor of Kohler denying Westerbeke all relief requested in its Complaint in this action and dismissing Westerbeke's Complaint for patent infringement with prejudice;

    b. A judgment in favor of Kohler on all of its Counterclaims;

    c.    A declaration that Kohler has not infringed, contributed to the infringement of, or induced other to infringe, either directly or indirectly, any valid claims of the '044 or '196 patents;

    d.    A declaration that the '044 and '196 patents are invalid;

    e.    A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Kohler of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

    f.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Kohler respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  August 8, 2011

Respectfully submitted,

/s/ *Sharada Devarasetty*

Steven M. Bauer (BBO #542531)
Sharada Devarasetty (BBO #672514)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110-2600
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
sdevarasetty@proskauer.com

Attorneys for Plaintiff,
*Kohler Co.*

## CERTIFICATE OF SERVICE

I, Sharada Devarasetty, Esq., hereby certify that on August 8, 2011, a copy of Kohler's Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Complaint was served via CM/ECF on all counsel of record for the Plaintiff.

/s/ *Sharada Devarasetty*
Sharada Devarasetty, Esq.