**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|
| **WBIP, LLC,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No.** |
| | ) | **11-10374-NMG** |
| **KOHLER CO.,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

**GORTON, J.**

Defendant's motions for summary judgment (Docket Nos. 76 and 79) and to exclude expert testimony (Docket No. 82) were denied by a Court Order entered on April 8, 2013, "with memorandum and order to follow." The Court now publishes the subject memorandum and order.

## I.  **Background**

Plaintiff WBIP, LLC ("WBIP") filed suit against defendant Kohler Co. ("Kohler") in March, 2011, alleging infringement of two of its patents: U.S. Patent No. 7,314,044 ("the '044 patent"), entitled "Marine Emissions Control" and issued on January 1, 2008, and U.S. Patent No. 7,832,196 ("the '196 patent"), entitled "Electronic Emissions Control" and issued on November 16, 2010. Both patents are directed to marine power generators which include in their exhaust systems a catalyst component to reduce exhaust emissions. Plaintiff asserts that

-1-

several models of Kohler's "Low Carbon Monomide (CO) Gas Marine Generator" infringe those patents.

The Court issued a Markman Order on August 14, 2012.

## II.  **Defendant's Motion to Exclude Expert Testimony**

### A.    **Standard**

The admission of expert evidence is governed by Federal Rule of Evidence 702, which codified the Supreme Court's holding in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny. See United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002).  Rule 702 charges a district court with determining whether: 1) "scientific, technical, or other specialized knowledge will assist the trier of fact," 2) the expert is qualified "by knowledge, skill, experience, training, or education" to testify on that subject, and the expert's proposed testimony, 3) is based upon "sufficient facts or data," 4) is the product of "reliable principles and methods" and 5) "applies the principles and methods reliably to the facts of the case."  A critical inquiry is whether the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert" on securities fraud event studies. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

The Court must be vigilant in exercising its gatekeeper role because of the latitude given to expert witnesses to express their opinions on matters about which they have no firsthand

-2-

knowledge and because an expert's testimony may be given substantial weight by the jury due to the expert's status. See Daubert, 509 U.S. at 595; Kumho Tire, 526 U.S. at 148. The Court must, however, keep in mind that:

> vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

Daubert, 509 U.S. at 596. If an expert's testimony is within "the range where experts might reasonably differ," the jury, not the trial court, should be the one to decide among the conflicting views of different experts. Kumho Tire, 526 U.S. at 153.

### B. Application

Kohler requests that the Court exclude the testimony of WBIP's expert Glenn Amber ("Amber"). In particular, Kohler argues that Amber's opinions as to whether the accused products have a catalyst that is cooled and whether the accused products maintain the air/fuel ratio should be excluded on the grounds that they are unreliable.

As an initial matter, the Court finds that Amber is more than adequately qualified to testify as an expert given his educational background and more than 25 years of relevant work experience.

With regard to defendant's objection to the content of Amber's expert testimony, the Court finds that defendant's motion is essentially a disagreement with Amber regarding his choice of

evidence and the conclusions he reached.  Defendant's concerns go
not to the admissibility of Amber's testimony but rather the
weight it should be accorded.  As a result, defendant's
objections do not present grounds for exclusion.  If defendant
objects to the methods Amber used or to the opinions he intends
to offer, its counsel will have adequate opportunity to challenge
those views on cross examination.

### III. **Motions for Summary Judgment**

#### A.   **Standard**

The role of summary judgment is "to pierce the pleadings and
to assess the proof in order to see whether there is a genuine
need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822
(1st Cir. 1991).  The burden is on the moving party to show,
through the pleadings, discovery and affidavits, "that there is
no genuine issue as to any material fact and that the moving
party is entitled to judgment as a matter of law." Fed. R. Civ.
P. 56(c).

A fact is material if it "might affect the outcome of the
suit under the governing law." Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant
or unnecessary will not be counted." Id.  A genuine issue of
material fact exists where the evidence with respect to the
material fact in dispute "is such that a reasonable jury could
return a verdict for the nonmoving party." Id.

-4-

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

## B. Defendant's Motion for Summary Judgment of Invalidity Due to Lack of Written Description

Because "an invalid patent cannot be infringed," Viskase Corp. v. American Nat'l Can Co., 261 F.3d 1316, 1323 (Fed. Cir. 2001), a defendant in an infringement action may assert invalidity as an affirmative defense. A granted patent is "presumed valid," 35 U.S.C. § 282. This presumption may be rebutted, however, only by "clear and convincing evidence," Microsoft Corp. v. i4i Ltd. P'ship, 131 S.Ct. 2238, 2242, (2011). See also Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505 (1986) ("the clear-and-convincing standard of proof should be taken into account in ruling on summary judgment motions").

The first paragraph of 35 U.S.C. § 112 provides:
The specification shall contain a written description

of the invention, and of the manner and process of
making and using it, in such full, clear, concise, and
exact terms as to enable any person skilled in the art
to which it pertains, or with which it is most nearly
connected, to make and use the same, and shall set
forth the best mode contemplated by the inventor of
carrying out his invention.

To satisfy the written description requirement, "the
description must 'clearly allow persons of ordinary skill in the
art to recognize that [the inventor] invented what is claimed.' "
Ariad Pharm., Inc. v. Eli Lilly & Co., 598 F.3d 1336, 1351 (Fed.
Cir. 2010) (en banc) (quoting Vas-Cath, Inc. v. Mahurkar, 935
F.2d 1555, 1562-63 (Fed. Cir. 1991)). That is, "the test for
sufficiency is whether the disclosure of the application relied
upon reasonably conveys to those skilled in the art that the
inventor had possession of the claimed subject matter as of the
filing date." Id. (citing Vas-Cath, 935 F.2d at 1563).

Here, a finding of invalidity due to lack of written
description is unwarranted. A reasonable jury could find that
the written description is satisfactory, given that the experts
for both parties strongly disagree as to whether one skilled in
the art reading the '044 and '196 patents would understand that
Westerbeke actually invented the claimed marine emissions control
systems.

Furthermore, the patent office reviewed the '044 and '196
patents for adequate written description as part of the
application process. After WBIP combined two originally-filed

-6-

limitations into a single clause, the patent office did not raise any objections or reject the amended claim on written description grounds. As a result, there remains a genuine issue of material fact as to whether the written description is adequate, thus rendering summary judgment inappropriate.

## C.   Defendant's Motion for Summary Judgment of Non-Infringement

An infringement analysis requires 1) the Court to determine, as a matter of law, the meaning and scope of the patent claims asserted to be infringed and 2) the trier of fact to compare the properly construed claims to the device accused of infringing. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996).  Summary judgment of non-infringement is appropriate where, "on the correct claim construction, no reasonable jury could have found infringement" on the undisputed facts or when all reasonable factual inferences are drawn in favor of the patentee." Netword, LLC v. Centraal Corp., 242 F.3d 1347, 1353 (Fed. Cir. 2001).

Kohler maintains that WBIP has presented "no evidence" that the accused products 1) contain a "catalyst cooled by a flow of coolant" or 2) "maintain the air/fuel ratio".  This Court disagrees.  In his expert report, Amber opines that the 85-105 degree Fahrenheit sea water that flows around the much hotter catalyst will tend to cool it.  WBIP has also shown that Kohler has described its own products as containing a "cool catalyst".

-7-

With regard to the maintenance of the air/fuel ratio, WBIP has offered evidence that 1) the service manuals of Kohler's products describe maintaining the air/fuel ratio and 2) Kohler's Rule 30(b)(6) witness testified that the Kolher products "adjust[] around a target" air/fuel ratio.  Viewing those facts in the light most favorable to WBIP, a reasonable jury could find that Kohler's products infringe the patents.  Thus, summary judgment is unwarranted.

### ORDER

In accordance with the foregoing, and as previously ruled,

1) Defendant's Motion for Partial Summary Judgment (Docket No. 76) is **DENIED,**

2) Defendant's Motion for Partial Summary Judgment (Docket No. 79) is **DENIED,** and

3) Defendant's Motion to Exclude Expert Testimony (Docket No. 82) is **DENIED.**

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated April 24, 2013

-8-