United States District Court
District of Massachusetts

```
_____
                            )
WBIP, LLC,                  )
        Plaintiff,          )
                            )
        v.                  )    Civil No.
                            )    11-10374-NMG
KOHLER CO.,                 )
        Defendant.          )
_____)
```

**ORDER**

**GORTON, J.**

With respect to pending disputes discussed at the final pre-trial conference yesterday:

1) The Court confirms its prior ruling that Defendant's objection to the testimony of plaintiff's damages expert (Docket No. 170) is **OVERRULED**.  Plaintiff and the Westerbeke Corporation are both owned by the purported inventor, John H. Westerbeke Jr., and are therefore similar to the companies in <u>Union Carbide Chemicals & Plastics Technology Corp.</u> v. <u>Shell Oil Co.</u>, 425 F.3d 1366, 1377-78 (Fed. Cir. 2005), because they share a "genuine relationship" and are not merely parties to an arms-length license negotiation.  Accordingly, in a hypothetical negotiation between the parties conducted on January 1, 2008, when Kohler allegedly began to infringe the patent in suit, WBIP would properly consider the impact that a license agreement would have upon its affiliate, Westerbeke Corp., and

2) The Court confirms its prior ruling that the Motion to Exclude the Improperly Designated Trial Testimony of James Sember (#9 of defendant's Omnibus Motion in Limine, Docket No. 142) is **DENIED**. If plaintiff presents a copy of the subject transcript that meets the requirements of Fed. Rule of Evid. 902, the transcript will be admissible. The parties are to submit to the Court, before the evidence is to be proffered, excerpts of the transcript they each propose to designate. The Court will then determine, in the context of trial, the procedure by which such evidence will be presented to the jury.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 3, 2013