United States District Court
District of Massachusetts

```
                                    )
WBIP, LLC,                          )
        Plaintiff,                  )
                                    )
        v.                          )    Civil No.
                                    )    11-10374-NMG
KOHLER CO.,                         )
        Defendant.                  )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

On May 15, 2013, a jury found defendant liable for patent infringement. Plaintiff now requests that the Court enter a permanent injunction prohibiting defendant from making or selling the infringing products.

A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. The plaintiff must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

In this case the Court finds that a permanent injunction would be contrary to the public interest. Westerbeke Corp. and

Kohler are the only two producers of low-CO marine gas generators. If Kohler were permanently enjoined from producing or selling its generators Westerbeke would be left as the sole supplier of a product that is important to public health and safety. Particularly given that Kohler is a much larger producer, with a manufacturing capacity almost 14 times greater than that of Westerbeke, an injunction would deprive the consuming public of access to a potentially life saving product. Therefore, the permanent injunction will be denied and the Court need not address the remaining three factors.

In the alternative, plaintiff requests that the Court award to it an ongoing royalty. The Court believes that plaintiff's requested royalty rate of 13.5% is too high, but the Court will impose an appropriate royalty rate unless the parties can agree on one. The parties are to meet and confer promptly to reach an agreement on an appropriate royalty rate. If they fail to reach such an agreement, the parties shall submit memoranda, not to exceed ten pages, on or before September 13, 2013, as to their respective proposals.

Furthermore, Kohler's Renewed Motion for Judgment as a Matter of Law will be denied and the Court continues to hold the remaining pending motions under advisement.

**ORDER**

In accordance with the foregoing,

1) Plaintiffs motion for a preliminary injunction or in the alternative an ongoing royalty (Docket No. 223) is, with respect to plaintiff's request for a preliminary injunction, **DENIED**, but otherwise remains under advisement.

2) Defendant's Renewed Motion for Judgment as a Matter of Law (Docket No. 227) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August /2, 2013