United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| WBIP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 11-10374-NMG |
| | ) | |
| KOHLER CO., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**GORTON, J.**

Plaintiff WBIP, LLC ("WBIP") alleges that defendant Kohler Co. ("Kohler") infringes its patents directed to marine power generators. The Court has previously ruled that WBIP is entitled to reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285, which entitles the prevailing party in an exceptional patent infringement case to reasonable fees. The parties have submitted memoranda with respect to the reasonableness of WBIP's requested fees and Kohler has moved for the disallowance of certain costs claimed by WBIP. WBIP has also submitted a final, agreed-to accounting of pre-judgment interest.

For the reasons that follow, the Court will award to WBIP $1,660,444.69 in attorneys' fees, $20,882.14 in costs and $423,267 in pre-judgment interest.

**I.    Attorneys' Fees**

WBIP seeks attorneys' fees totaling $2,288,050 for the work performed by three attorneys.  Kohler responds that the request is excessive and that an award between $637,053 and $955,579 would be appropriate.

**A.    Legal Standard**

Courts generally apply the "lodestar approach" when awarding attorneys' fees pursuant to 35 U.S.C. § 285. Agfa Corp. v. Creo Prods., Inc., No. 00-10836, 2004 WL 2387288, at *1 (D. Mass. Oct. 5, 2004) (citing Codex Corp. v. Milgo Elec. Corp., 717 F.2d 622, 631-32 (1st Cir. 1983)).  The lodestar figure is calculated by "multiplying the number of hours productively spent by a reasonable hourly rate." Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 336 (1st Cir. 2008) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).  After calculating the initial lodestar figure, Court has the discretion to adjust that figure upwards or downwards based on equitable factors such as the results obtained in the litigation. Id. (citing Hensley, 461 U.S. at 434).

**B.    Application**

**1.    Hours Expended**

The Court finds that the lodestar amount requested by WBIP reflects a reasonable number of hours worked on this complex, hard-fought patent litigation.  Kohler's arguments for reducing

the number of hours to be factored into the lodestar are, with one exception, unavailing.

First, with respect to fees incurred prior to May 15, 2013, WBIP has provided sufficient detail in its itemized statement and the hours it spent preparing for trial were, in the view of this Court, reasonable. The Court will, however, reduce by 50% the hours billed as travel time for Attorney Zeliger because WBIP has not provided an account of how much of his travel time was allocated to billable tasks. WBIP has requested $28,247.50 in fees for 41.7 hours of travel time and therefore the Court will subtract half of that amount from its lodestar calculation.

Next, WBIP has not waived its right to request fees incurred between May, 15, 2013 and June 17, 2013 merely because it did not include them in its motion for fees filed on June 18, 2013. All of the work performed after May 15, 2013 concerned post-trial matters and it would have been presumptuous for WBIP to assume, as of June 18, 2013, that the Court would rule in its favor on those motions.

WBIP may recover fees incurred with respect to post-trial filings that were no successful. While the Court has the discretion to subtract unreasonable or unproductive time from the lodestar, a party is not required to prevail on every disputed issue during the litigation to avoid a reduced fee award. Thus, while WBIP was unsuccessful in persuading the

Court to reconsider its denial of a permanent injunction, it will nevertheless be reimbursed for the $14,590 in fees incurred in litigating that motion.  The only reason that the Court gave for denying permanent injunctive relief was WBIP's limited manufacturing capacity and the Court acknowledged in its denial of the motion that it may have misapprehended the relevant facts.  Thus, there was a colorable basis for the motion to reconsider even if it was ultimately unsuccessful.  Similarly, WBIP is entitled to fees incurred in opposing the motion for a new trial or a remittitur, even though the Court ultimately gave WBIP a choice between accepting a remittitur or re-trying the case, because the remittitur still resulted in an award of significant damages and WBIP avoided a new trial with its attendant risks.

    WBIP is also entitled to fees for time spent responding to pleadings filed by Kohler with respect to the reexamination of patents by the U.S. Patent and Trademark Office.  WBIP has not sought fees incurred during the reexamination proceedings themselves and it was appropriate for counsel to respond to Kohler's argument that reexamination of the subject patents weighed against a finding of willfulness or that the proceedings were exceptional.

### 2. Hourly Rate

The hourly rates claimed by counsel are also reasonable. Although its counsel agreed to a contingency fee, WBIP has provided the hourly rates normally charged by counsel. Michael Zeliger, a partner at K&L Gates who specializes in intellectual property litigation, billed at rates between $600 and $735 per hour and spent 1,054.4 hours on the case. David Simons, who has worked in patent litigation since 1998, billed at rates ranging from $580 to $650 per hour and spent 2,027.9 hours. Andrea Gates, an associate specializing in intellectual property litigation, charged between $345 and $425 an hour and spent 949.8 hours on the litigation. The Court finds that those hourly rates are commensurate with those charged by equally experienced patent litigators in Boston.

### 3. Discretionary Adjustment

After subtracting 50% of Attorney Zeliger's travel time, the lodestar figure is $2,213.926.[1] The Court will exercise its discretion by reducing that amount by 25% such that the final award will be $1,660,445. While this case was an "exceptional" case warranting an award of attorneys' fees, the Court previously declined to award double or treble damages for

---

[1] In the interest of brevity and common sense, the Court has rounded off all amounts to the nearest dollar.

willful infringement and it finds that a similar reduction is warranted with respect to attorneys' fees.

## II. Costs

WBIP seeks $23,251 in costs.[2] Kohler agrees that $13,644 is taxable to Kohler but objects to $7,238 spent to obtain deposition transcripts which were not introduced into evidence at trial.

### A. Legal Standard

Fed. R. Civ. P. 54(d)(1) provides that

> [u]nless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party.

Congress has also set boundaries for what costs of litigation are taxable. For instance, 28 U.S.C. § 1920 provides, in relevant part, that a court may award to prevailing parties fees imposed by the clerk of court, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," and fees for obtaining copies of materials where the copies are "necessarily obtained for use in the case."

Here, the dispute centers on whether the costs of obtaining deposition transcripts are taxable to Kohler. The First Circuit has held that depositions introduced into evidence or used at

---

[2] WBIP has since acknowledged that its original request erroneously included $2,369 in nontaxable costs and therefore amended its request. It now contends that it is entitled to costs totaling $20,882.

trial are taxable. Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985). A district court has the discretion to award costs for depositions not put into evidence or used at trial if "special circumstances warrant it." Id.

**B. Application**

Kohler does not oppose awarding WBIP $13,644 in costs associated with filing its complaint ($350), certain deposition transcripts ($3,588) or copying fees ($9,706). The Court agrees and will tax those costs to Kohler.

Kohler does oppose awarding the costs of obtaining transcripts from the depositions of several witnesses.

WBIP acknowledged in its opposition to Kohler's Motion for Disallowance of Costs that it was not entitled to reimbursement of the $2,369 it spent to obtain deposition transcripts of two experts retained by Kohler because it had not used those transcripts at trial. The Court will therefore allow the motion by Kohler to disallow the $2,369 in costs to obtain the deposition transcripts of Robert Brooks and Christopher Barry.

Kohler opposes awarding the cost of obtaining the transcripts of the depositions of Greg Klompenheuver and Richard Locke, both of whom were Fed. R. Civ. P. 30(b)(6) witnesses designated by Kohler. WBIP did not call them as witnesses or seek to admit their deposition testimony into evidence but it did use the transcripts to impeach two witnesses for Kohler.

Kohler contends that the transcripts were not "necessarily obtained" for use at trial because, if they were necessary, WBIP would have read them into the record. The Court declines to adopt that narrow reading of 28 U.S.C. § 1920, which contemplates that a transcript may be "used" even if it is not offered into evidence. Here, it is sufficient that the transcripts of the depositions of two Kohler employees designated as Rule 30(b)(6) witnesses were used for impeachment purposes.

Second, Kohler opposes an award of costs for obtaining the transcripts of the depositions of Paul Wareham and James Carroll, third parties who were subpoenaed and deposed by Kohler. Kohler also designated portions of the testimony of those witnesses in its Fed. R. Civ. P. 26(a) pretrial submissions. Similarly, Kohler opposes the award of costs for obtaining transcripts of depositions of three employees of Westerbeke Corporation (an affiliate of WBIP) who were deposed by Kohler but were not called to testify at trial. Under the circumstances, it was appropriate for counsel for WBIP to obtain the transcripts as part of its preparation for trial. See Martinez v. Cui, No. 06-40029-FDS, 2009 WL 3298080, at *2 (D. Mass. Apr. 13, 2009) (explaining that depositions taken at request of opposing party may be taxable because they are not

taken for investigative or discovery purposes or purely for reasons of convenience).

In sum, the Court will award WBIP $20,882 in costs.

## III. **Pre-Judgment Interest**

In its February 12, 2014 Memorandum and Order, the Court ordered Kohler to pay prejudgment interest at the prime rate, compounded quarterly. The parties have conferred and they agree that Kohler should be ordered to pay $423,267 in pre-judgment interest. The final order will be amended accordingly.

### ORDER

For the foregoing reasons,

1) Kohler's motion for disallowance of costs (Docket No. 284) is, with respect to the expenses of obtaining the transcripts of the depositions of Christopher Barry and Robert Brooks, **ALLOWED**, but is otherwise **DENIED**;

2) Kohler is ordered to pay WBIP for $1,660,445 in attorneys' fees;

3) Kohler is taxed $20,882 in costs incurred by WBIP; and

4) Kohler is to pay $423,267 in pre-judgment interest to WBIP.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 8, 2014